1205-15

ORIGINAL

IN THE
TEXAS COURT OF CRIMINAL APPEALS

GREGARY A. TURNER SR.
          PETITIONER

     VS.                                    NO. 02-13-00482-CR.

FILED IN
COURT OF CRIMINAL APPEALS

THE STATE OF TEXAS
          RESPONDENT

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

GREGARY A. TURNER SR.
PETITIONER PRO-SE
100 N. LAMAR ST.
FT. WORTH
TEXAS 76196

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

IN THE

TEXAS COURT OF CRIMINAL APPEALS

GREGARY A. TURNER SR.
    PETITIONER

VS.                                        NO. 02-13-00487-CR


THE STATE OF TEXAS,
    RESPONDENT


## PETITION FOR DISCRETIONARY REVIEW


GREGARY A. TURNER SR.
PETITIONER PRO-SE
100 N. LAMAR ST.
FT. WORTH
TEXAS 76196

# INDEX OF AUTHORITIES

## CASES

ALCORTA V. TEXAS 355 U.S. 28; 78 S. CT. 103; 2 L.ED. 2d 9; 1957 U.S. LEXIS 188)

BATSON V. KENTUCKY 476 U.S. 79; 106 S. CT. 1712; 90 L.Ed. 2d 69; 1986 U.S. LEXIS 150)

BRADY V. MARYLAND 373 U.S. 83; 83 S. CT. 1194 10 L.Ed 2d 215 1963 U.S. LEXIS 1615)

CANNON V. STATE 252 S.W. 3d 342; 2008 TEX. CR. APP. LEXIS 4)

CHRISTOPHER WARDLOW V. STATE 6 S.W. 3d 786; 1999 TEX. APP. LEXIS 8889)

ELLIS V. STATE 811 S.W. 2d 99; 1991 TEX. CR. APP. LEXIS 87)

EXPARTE HARVEY DUFFY JR. 607 S.W. 2d 507 1980 TEX. CR. APP. LEXIS 1382)

MCCOY V. COURT OF APPEALS OF WIS. DIST. I 486 U.S. 429; 108 S.CT. 1895 100 L.Ed 2d 446; 1988 U.S. LEXIS 2487; 56 U.S.L.W. 4520)

MCMANN V. RICHARDSON 397 U.S. 759 90 S. CT. 1441 25 L.Ed. 2d 763 1970 U.S. LEXIS 46)

MOONEY V. HolOHAN WARDEN 294 U.S. 103; 55 S. CT. 340; 79 L.Ed 791; 1935 U.S. LEXIS 40)

OWENS V. STATE 916 S.W. 2d 713; 1996 TEX. APP. LEXIS 723)

POINTER V. TEXAS 380 U.S. 400; 85 S.CT. 1065; 13 L.Ed. 2d 923; U.S. LEXIS 1481)

RAMIREZ V. STATE 987 S.W. 2d 938; 1999 TEX. APP. LEXIS 1590)

ROBERT EARL LINSCOMB V. STATE 829 S.W. 2d 164; 1992 TEX. CR. APP. LEXIS 46)

ROY ALLEN YOUNG V. STATE 530 S.W. 2d 120; 1975 TEX. CR. APP. LEXIS 1182)

STAFFORD V. STATE 758 S.W. 2d 663; 1988 TEX. APP. LEXIS 2225)

STRICKLAND V. WASHINGTON 466 U.S. AT 688)

STRICKLAND V. WASHINGTON 466 U.S. AT 687)

TAYLOR V. LOUISIANA 419 U.S. 522 1975)

TORRES V. STATE 71 S.W. 3d 758; 2002 TEX. CR. APP. LEXIS 69)

U.S. V. BURKS 470 F. 2d 432; 152 U.S. APP. D.C. 284; 1972 U.S. APP. LEXIS 7117)

U.S. V. WILLIE DECOSTER JR. 487 F. 2d 1197; 159 U.S. APP. D.C. 326; 1973 U.S. APP. LEXIS 7660)

WALTERS V. STATE 206 S.W. 3d 780; 2006 TEX. APP. LEXIS 9555)

STATUTES

TEX. FAIR DEFENSE ACT

TEX. P.C. 9.32 DEFENSE OF PERSON

TEX. P.C. 6.03

CASTLE LAW DEFENSE OF HABITATION

TEX. DISCIPLINARY RULES OF PROFESSIONAL CONDUCT

## TABLE OF CONTENTS

STATEMENT OF PETITIONER

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE CASE

STATEMENT OF PROCEDURAL HISTORY


PAGE 6-10 ERRORS

PAGE 11-14 CONFLICT OF INTEREST

PAGE 15 INDEX OF AUTHORITES WITH

PAGES 16-19 CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL

PAGE 20 PRAYER TO THE COURT

## STATEMENT OF PETITIONER

THE PETITIONER WOULD LIKE TO BRING TO THE HONORABLE COURTS ATTENTION THE FACT THAT THE PETITIONER IN THIS LEGAL CAUSE HAS BEEN DEPRIVED OF HIS XIV AMEND. RIGHT AS A INDIGENT PETITIONER TO HAVE ACCESS TO TRIAL TRANSCRIPT. OR ANY OTHER DOCUMENTS USED IN THE PROCUTION OF THIS LEGAL CAUSE. THE PETITIONER HAS MADE RESPECTFULL REQUEST OF THESE LEGAL DOCUMENTS IN THE FORM OF MOTION TO THE 213TH COURT OF THE HONORABLE LOUIS STUARS TWICE. AND MADE REQUEST IN FORMA PAUPERS AFTER WAITING AND WRITING THE HONORABLE COURT ABOUT THIS MATTER. THE PETITIONER THEN WITH NO OTHER OPTIONS AVAILABLE SUBMITTED APPLICATION FOR WRIT OF MANDAMUS WITH THE HONORABLE COURT OF CRIMINAL APPEALS AND WAS RECIEVED ON 8/20/2014. THE PETITIONER LATER REFILED SAME ON 10/19/2015 AND TO THIS DATE HAS NOT HAD A HEARING ON THIS MATTER OR RECIEVED COPIE OF TRANSCRIPT. PETITIONER WAS CONVICTED OF AGG-ASSAULT OCT-2-2013 THERE ARE NUMEROUS ERRORS DURING THE TRIAL AND THE PETITIONER HAS HAD ONE ATTORNEY REMOVED FROM APPEALS CAUSE FOR FILING FRIVOLOUS MERITLESS BRIEF. THE PETITIONER HAS MADE REQUEST OF BOTH APPEAL ATTORNEYS FOR COPIE OF TRIAL TRANSCRIPT WITH NO SUCCESS. IT IS THE MOST RESPECTFULL REQUEST OF THE PETITIONER. THAT THIS MATTER BE EXAMINED. AND THAT THE COURT OF APPEALS MAKE A RULEING ON THIS LEGAL MATTER THAT IS FAIR AND JUST. (PLEASE SEE DRAPER V. WASHINGTON 372 U.S. 487; 83 S. CT. 774; 9 L. Ed 2d 899; 1963 U.S. LEXIS 1947) (GRIFFIN ET AL V. ILLINOIS 351 U.S. 17; 76 S. CT. 585; 100 L. Ed. 891; 1956 U.S. LEXIS 1059; 55 A.L.R. 2d 1055) (MAYER V. CHICAGO 404 U.S. 189; 92 S. CT. 410; 30 L. Ed 2d 372; 1971 U.S. LEXIS 298) THE PETITIONER HAS MADE REQUEST FROM BOTH APPEALS ATTORNEYS FOR COPIE OF TRIAL TRANSCRIPT. WITH NO SUCCESS.

4

## STATEMENT REGARDING ORAL ARGUMENT

PETITIONER BELIEVES ORAL ARGUMENT WOULD BE HELPFUL TO THE COURT BECAUSE THE ISSUES RAISED ARE, CAN A INDIGENT BLACKMAN REICIVE EQUAL JUSTICE, WHERE THE KIND OF TRIAL HE GETS DEPENDS ON THE AMOUNT OF MONEY HE HAS OR DOES NOT HAVE (GRIFFIN V. ILLINOIS 351 U.S. 12, 19 (1956). AND CAN A BLACKMAN RECIEVE A FAIR TRIAL WITH A ALL WHITE JURY AFTER D.A. CALLED PETITIONER A RACIS THESE ISSUES COULD BE BETTER DISCUSSED IN THE CONTEXT OF ORAL ARGUMENT WHERE THE COURT CAN ASK QUESTIONS THAT THE PETITIONER IS PREPARED TO DISCUSS.

## STATEMENT OF THE CASE

THIS CASE IS WEATHER THE PETITIONER WAS IN DEFENSE OF HIS SELF IN HIS HOME. AND WEATHER SUPPRESSION OF THE PLAINTIFFS CRIMINAL RECORD DEPRIVED THE PETITIONER OF A FAIR TRIAL.

## STATEMENT OF PROCEDURAL HISTORY

(1) DATE OF OPINION FROM COURT OF APPEALS AUG 13TH 2015

(2) DATE OF MOTION FOR REHEARING FEB 13TH 2015

# IN THE

## COURT OF CRIMINAL APPEALS OF TEXAS

GREGORY A. TURNER SR
PETITIONER

V.                                          NO-02-13-00487-CR

THE STATE OF TEXAS

## PETITION FOR DISCRETIONARY REVIEW

### TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW RESPECTFULLY GREGARY A. TURNER SR PETITIONER PRO-SE IN THE ABOVE STYLED AND NUMBERED CAUSE WHOM ARE PROCEEDING IN PRO-SE FILES AND SUBMITS THIS PETITION FOR DISCRETIONAY REVIEW AND IN SUPPORT WILL SHOW:

## I

IT IS THE CLAIM OF THE PETITIONER THAT HE RECIEVED INEFFECTIVE ASSITANCE OF COUNSEL IN BOTH HIS DISTRICT COURT TRIAL WITH TIM MOORE AND JOETH KEENE AND THAT HIS APPEALS ATTORNEYS BOTH DAVID RICHARDS AND ATTORNEY J. WARREN ST. JOHN WERE INEFFECTIVE IN THEIR DUTYS TO THE PETITIONER (PLEASE SEE)(STRICKLAND V. WASHINGTON, 466 U.S. 688)(STAFFORD V. STATE 758 S.W. 2d 663, 1988 TEX. APP. LEXIS 2225) ON APPEAL. PETITIONER ATTORNEYS DID NOT ADDRESS CLEAR CONSTITIONAL ERRORS. A CONVICTED DEFENDANT MAKING A CLAIM OF INEFFECTIVE ASSITANCE OF COUNSEL MUST IDENTIFY THE ACTS OR OMISSIONS OF COUNSEL THAT ARE ALLEGED NOT TO HAVE BEEN THE RESULT OF REASONABLE PROFESSIONAL JUDGEMENT THE COURT MUST THEN DETERMINE WHETHER, IN LIGHT OF ALL THE CIRCUMSTANCES, THE INDENTIFIED ACTS OR OMISSIONS WERE OUTSIDE THE WIDE RANGE OF PROFESSIONALLY COMPETENT ASSISTANCE, KEEPING IN MIND THAT COUNSEL'S FUNCTION, AS ELABORATED IN PREVAILING PROFESSIONAL NORMS IS TO MAKE THE ADVERSARIAL TESTING PROCESS WORK IN THIS PARTICULAR CASE (1) THE PETITIONER WILL SHOW THAT BOTH ATTORNEYS DISTRICT COURT ATTORNEY TIM MOORE AND APPEALS ATTORNEY J. WARREN ST. JOHN PERFORMANCE WAS DEFICIENT AND THAT COUNSEL WAS NOT FUNCTIONING AS GUARANTEED BY THE SIXTH AMENDMENT OF U.S. CONSTITION AND

6

THE TEX. CONSTITUTION ART I SECTION 10 (2) THAT THE DEFICIENT PERFORMANCE PREJUDICE THE DEFENSE AND THAT COUNSEL ERRORS WERE SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL.

## II

THE COURT OF APPEALS ERRED IN ALLOWING ATTORNEY J. WARREN ST. JOHN BRIEF TO BE USED AS APPELLANTS BRIEF AFTER THE APPELLANT SUBMITTED MOTION TO HAVE IT WITHDRAW AND THE COURT DENIED THE APPELLANT MOTION FOR WITHDRAW ON JAN. 9TH 2015 APPELLANT SUBMITTED WITH DRAW MOTION BECAUSE APPELLANT BRIEF DID NOT ADDRESS THE FUNDAMENTAL RIGHTS THAT WERE VIOLATED UNDER THE TEX. CONSTITUTION ART I SECTION 10 AND THE U.S. CONST. VI AND XIV AMEND COURT APPOINTED ATTORNEY WAS INCOMPENT IN HIS DUTIES FOR THE APPELLANT AND IS IN VIOLATION OF SEVERAL RULES OF THE TEX. DISCIPINARY RULES OF PROFESSIONAL CONDUCT RULE 1.01(B) 1&2 AND THE TEX. FAIR DEFENSE ACT. IN FAILING TO INTERVIEW THE CLIENT IN WHICH HE REPRESENTS APPEALS COUNSEL J. WARREN ST. JOHN. INTENTLY FAILED TO REQUEST OUT OF TIME LEAVE MOTION FOR A NEW TRIAL WHICH WAS THE PROPER FIRST STEP IN A CLAIM FOR INEFFECTIVE TRIAL COUNSEL (PLEASE SEE U.S. V. WILLIE DECOSTER JR. 487 F. 2d 1197; 159 U.S. APP D.C. 326; 1973 U.S. APP LEXIS 7660) APPEALS COUNSEL HAS A DUTY TO MASTER THE TRIAL RECORD THOROUGLY RESEARCH THE LAW AND EXERCISE JUDGMENT IN IDENTIFYING THE ARGUMENTS THAT MAYBE ADVANCED ON APPEAL (PLEASE SEE MCCOY V. COURT OF APPEALS OF WIS. DIST. I 486 U.S. 429; 108 S. CT. 1895 100 L.Ed 2d 440; 1988 U.S. LEXIS 2487; 56 U.S.L.W. 4520) HERE THE COUNSEL FAILED AND THE ERRORS ARE WITHOUT MERIT APPEAL COUNSEL KNOWINGLY AND INTENTLY SUBMITTED FRIVOLOUS MERITLESS APPEALS BRIEF THAT DID NOT ADDRESS CONSTITUTIONAL ERRORS THAT TOOK PLACE DURING THE APPELLANTS TRIAL AND THE APPELLANT WILL SHOW THAT THESE ERRORS WERE DONE WITH THE FUL INTENT TO HARM THE APPELLANTS APPEAL CAUSE. (PLEASE SEE EX PARTE HARVEY DUFFY JR. 607 S.W. 2d 507 1980 TEX. CR. APP LEXIS 1382; 17 A.L.R. 4TH 546)

7

## III

THE COURT OF APPEALS ERRED WHEN APPELLANT SUBMITTED MOTION FOR WITHDRAW OF APPELLANT BRIEF AND FOR NEW APPELLANT COUNSEL IN NOT REVIEWING THE MOTION FOR REASON THE APPELLANT MADE IT VERY CLEAR THAT HIS COURT APPOINTED APPEALS COUNSEL HAD FAILED TO ADDRESS CONSTITUTIONAL ERRORS. THE COURT ONLY FOCUS WAS ON WHETHER ARE NOT APPELLANT HAD A RIGHT TO HYBYRD OR COCOUNSEL DURING THE APPEALS PROCESS OVER LOOKING THE REASON THAT THE APPELLANT HAD SUBMITTED THE MOTION FOR WITHDRAW THE APPELLANT BRIEF FAILED TO ADDRESS CONSTITUTIONL ERRORS AND VIOLATION OF APPELLANT'S VI AND XIV AMENDMENT IN THE FACT THAT ALL MEMBERS OF APPELLANTS RACE WERE STRUCK FROM JURY WITHOUT ANY OBJECTION FROM COURT APPOINTED COUNSEL AND NO REQUEST FOR A BATSON HEARING (PLEASE SEE BATSON V. KENTUCKY 476 U.S. 79, 106 S. CT. 1712 90 L. Ed 2d 69, 1986 U.S. LEXIS 150) (CHRISTOPHER WARDLOW V. STATE 6 S.W. 3d 786, 1999 TEX. APP. LEXIS 8885) (ROBERT EARL LINSCOMB V. STATE 829 S.W. 2d 164, 1992 TEX. CR. APP. LEXIS 46) THE SIXTH AMEND. GUARANTEES THAT THE PETIT JURY WILL BE SELECTED FROM A CROSS SECTION OF THE COMMUNITY (SEE TAYLOR V. LOUISIANA 419 U.S. 522 1975) PURPOSEFUL RACIAL DISCRIMINATION IN SELECTION OF THE VENIRE VIOLATES A DEFENDANT'S RIGHT TO EQUAL PROTECTION BECAUSE IT DENIES HIM THE PROTECTION THAT A TRIAL BY JURY INTENDED TO SECURE. THOSE ON THE VENIRE MUST BE INDIFFERENTLY CHOSEN TO SECURE THE DEFENDANTS RIGHTS UNDER THE XIV AMEND. TO PROTECTION OF LIFE AND LIBERTY AGAINST RACE OR COLOR PREJUDICE. COURT APPOINTED COUNSEL FAILED TO RAISE THIS ERROR AND THE FACT THAT THE PROSECUTOR TOLD ALL WHITE JURY THAT THE DEFENDANT (A BLACK MALE) "DID NOT LIKE RED NECKS" AND THAT DEFENDANT "DID NOT LIKE THE SOUTH" WITHOUT ANY OBJECTION. FROM DEFENDANT COUNSEL (PLEASE SEE OWENS V. STATE 916 S.W. 2d 713, 1996 TEX. APP. LEXIS 723) (RAMIREZ V. STATE 987 S.W. 2d 938, 1999 TEX. APP. LEXIS 1590) THIS WAS DONE WITH THE FULL INTENT TO PREJUDICE THE JURY. AND SHOULD HAVE BEEN CALL FOR MISTRIAL. APPEALS ATTORNEY FAILED TO RAISE CONSTITUTIONAL ERROR.

8

## IV

THE COURT OF APPEALS ERRED WHEN APPELLANT SUBMITED MOTION FOR WITHDRAW OF APPELLANT BRIEF AND FOR NEW APPELLANT COUNSEL IN NOT REVIEWING THE MOTION FOR REASON THE APPELLANT MADE IT VERY CLEAR THAT HIS COURT APPOINTED COUNSEL HAD FAILED TO ADDRESS CONSTITUTIONAL ERRORS. ATTORNEY AT LAW J. WARREN ST. JOHN REFUSED TO ADDRESS THE FACT THAT TRIAL COUNSEL FAILED TO CROSS-EXAMINE STATE WITNESS IN VIOLATION OF THE 6TH AND 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE TEX. CONST DENIEING THE DEFENDANT THE VI AMEND. RIGHT OF CONFRONTATION (PLEASE SEE)(STRICKLAND V. WASHINGTON 466 U.S. AT 687)(CANNON V STATE 252 S.W. 3d 342; 2008 TEX. CRIM. APP LEXIS 4)(POINTER V. TEXAS 380 U.S 400; 85 S. CT. 1065; 13 L. Ed 2d 923; 1965 U.S LEXIS 1481) THE VI AMENDMENT TO THE U.S CONSTITUTION PROVIDES THAT IN ALL CRIMINAL PROSECUTION THE ACCUSED SHALL ENJOY THE RIGHT TO HAVE COMPETENT LEGAL COUNSEL FOR HIS DEFENSE. THIS RIGHT TO COMPETENT LEGAL COUNSEL IS NOT MERELY THE RIGHT TO HAVE COUNSEL PHYSICALLY PRESENT IN THE COURT ROOM. IT IS THE RIGHT TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL IN THE COURT ROOM (SEE MCMANN V. RICHARDSON 397 U.S. 759 90 S. CT 1441 25 L. Ed 2d 763 1970 U.S. LEXIS 46) THE RIGHT TO CONFRONTATION OF THE WITNESS AGAINST HIM IS A FUNDMENTAL RIGHT AND IS OBLIGATORY ON THE STATES BY THE 14TH AMEND. OF THE U.S. CONST. TO DEPRIVE AN ACCUSED OF THE RIGHT OF CONFRONTATION IS A DENIAL OF THE GUARANTEE OF DUE PROCESS OF LAW PROVIDED BY THE 14TH AMENDMENT OF THE U.S. CONSTITUTION. IT'S CLEAR THAT DEFENSE COUNSEL DID NOT CROSS EXAMINE STATE WITNESS, ABANDING THE ADVERSARY PROCESS THAT THE VI AMEND. ENVISIONS. REPRESENTATION OF A CRIMINAL DEFENDANT ENTAILS CERTAIN BASIC DUTIES, COUNSEL'S FUNCTION IS TO ASSIT THE DEFENDANT COUNSEL OWES THE CLIENT A DUTY OF LOYALTY. NIETHER APPEALS ATTORNEY J. WARREN ST. JOHN OR DISTRICT COURT ATTORNEY FULLFILLED THERE DUTY TO THE APPELLANT. THEY BOTH WERE INEFFECTIVE IN THERE DUTIES

## V

THE COURT OF APPEALS ERRED WHEN APPELLANT SUBMITTED MOTION FOR WITHDRAW OF APPELLANTS BRIEF AND FOR NEW APPELLANT'S COUNSEL IN NOT REVIEWING THE MOTION FOR REASON THE APPELLANT MADE IT CLEAR THAT HIS COURT APPOINTED COUNSEL HAD FAILED TO ADDRESS CONSTITUTIONAL ERRORS ATTORNEY AT LAW J. WARREN ST. JOHN REFUSED TO ADDRESS THE FACT THAT EVIDENCE FAVORABLE TO THE ACCUSED HAD BEEN SUPPRESSED. SUPPRESSION OF EVIDENCE FAVORABLE TO THE DEFENSE UPON REQUEST IS A VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONST. XIV AMEND (PLEASE SEE)(BRADY V. MARYLAND 373 U.S.83; 83 S.CT. 1194 10 L.Ed.2d 215; 1963 U.S. LEXIS 1615) IN THIS CASE THE PLAINTIFF AND WITNESS BOTH DEFENDANT CHILDREN WHOM PETITIONER HAD EXPERIENCED DISCIPLINARY PROBLEMS. THE DAUGHTER ASHLEY ROBERTSON WHO DROPED OUT OF HIGH SCHOOL DUE TO HAVING CHILD AND CONCEIVING ANOTHER AS A TEENAGER BEFORE LEAVING PARENTS HOME. AND THE PLAINTIFF WHO HAD BEEN EXPELLED FROM EVERY SCHOOL IN FRESNO CA. GREENVILLE TX. AND COLLINSWOOD N.J. HAD BEEN IN A YOUTH CORRECTIONAL FACILTY AS A YOUTH AND HAS BEEN TO PRISON TWICE AS A ADULT (ALL IN CA) ONCE FOR CARRYING A GUN IN THIS CASE THE PLAINTIFF GAVE STATEMENT THAT HE WAS GOING TO MOP FLOOR WITH PETITIONER OLD G-BAY 1955 (PLEASE SEE WALTERS V. STATE 206 S.W. 3d 780; 2006 TEX. APP. LEXIS 9555)(ELLIS V. STATE 811 S.W. 2d 99; 1991 TEX. CRIM. APP. LEXIS 82) THE PLAINTIFF WAS FIRST AGGRESSOR (PLEASE SEE TORRES V. STATE 71 S.W. 3d 758; 2002 TEX. CRIM. APP. LEXIS 69) THE PLAINTIFF PROVOKED THE DIFFICULTY (PLEASE SEE ROY ALLEN YOUNG V. STATE 530 S.W. 2d 120; 1975 TEX. CR. APP LEXIS 1182) THE PETITIONER WAS IN FEAR FOR HIS LIFE (PLEASE SEE TEX. P.C. 9.32 DEFENSE OF PERSON)(TEX. P.C. 6.03(c))(CASTLE LAW DEFENSE OF HABITATION LAW) IN THIS CASE THE PETITIONER HAS ADMITTED TO THE SHOOTING AND HIS ONLY DEFENSE IS SELF DEFENSE. BARRING THE ADMISSION OF EVIDENSE OF THE PLAINTIFF CRIMINAL PAST WAS HIGHLY PREJUDICIAL TO THE PETITIONER AND CAUSE FOR A REVERSAL.(PLEASE SEE U.S. V. BURKS 470 F. 2d 432; 152 U.S. APP. D.C. 284; 1972 U.S. APP. LEXIS 7117)(ALCORTA V. TEXAS 355 U.S. 28; 78 S. CT. 103. 2L. ED. 2d 9; 1957 U.S. LEXIS 188)(MOONEY V. HOLOHAN WARDEN 294 U.S. 103; 55 S. CT. 340; 79 L. Ed 791; 1935 U.S. LEXIS 40; 98 A.L.R. 406) THE PETITIONER WAS INJURED DURING ALTERCATION WITH THE PLAINTIFF AND NEEDED HERNIA SURGERY. DUE TO STRUGLE WITH PLAINTIFF HALF THE PETITIONER AGE.

10

## CONFLICT OF INTEREST

ATTORNEY AT LAW J. WARREN ST. JOHN THE PETITIONERS APPEALS ATTONERY, AND PETITIONERS DISTRICT COURT ATTORNEY TIM MOORE WORKED AS COCOUNSEL DURING THE TIME THAT ATTORNEY J. WARREN ST. JOHN WAS PREPARING PETITIONERS APPEALS BRIEF CREATING A CONFLICT OF INTEREST. A CONFLICT EXIST WHEN PETITIONERS COUNSEL PLACES HIMSELF IN A POSITION CONDUCIVE TO DIVIDED LOYALTYS. UNDER THE U.S. CONSTITUTION VI AMEND. AND THE TEXAS CONSTITUTION SEC. I, ART 10 THE PETITIONER HAS A CONST. RIGHT TO COUNSEL THAT IS FREE FROM ANY CONFLICT OF INTEREST. IN THIS CASE THE PETITIONERS DISTRICT COURT ATTORNEY TIM MOORE AND PETITIONERS APPEALS ATTORNEY J. WARREN ST. JOHN WORKED AS COCOUNSEL IN DEFENSE OF EDDIE RAY ROUTH CASE NO. CR 14024 IN THE 266TH DISTRICT COURT ERATH COUNTY, TEXAS (A.K.A) THE AMERICAN SNIPER CASE. ATTORNEY AT LAW J. WARREN ST. JOHN WAS APPOINTED TO PETITIONERS CAUSE ON OR ABOUT 9-22-14 ATTORNEY J. WARREN ST. JOHN JOB IS AND WAS TO MASTER THE TRIAL TRANSCRIPT AND TO FIND ERRORS THAT OR TO BE ADVANCED ON APPEALS CAUSE. THE PETITIONER CLAIMS THAT ATTORNEY TIM MOORE RENDERED THE PETITIONER INEFFECTIVE ASSITANCE OF COUNSEL DURING HIS DISTRICT COURT CASE. AND IT IS FUTHER THE CLAIM OF THE PETITIONER THAT J. WARREN ST. JOHN SUBMITTED FRIVOLOUS MERITLESS APPEALS BRIEF DUE TO THIS CONFLICT OF INTEREST THE FACT IS THIS PARTNERSHIP CREATED A POSTION CONDUCTIVE TO DIVIDED LOYALTYS AND A CONFLICT OF INTEREST. ATTORNEY AT LAW J. WARREN ST. JOHN SHOULD HAVE MADE THIS POSSIBLE CONFLICT OF INTEREST KNOW TO THE HONORABLE COURT. THE PETITIONER IN THIS NEVER WAIVED HIS CONSTITUTIONAL RIGHT TO CONFLICT FREE COUNSEL. THIS PARTNERSHIP IS INHERENTLY UNFAIR AND UNDERMINES THE INTEGRITY OF THE JUDIZAL SYSTEM AND DEPRIVED THE PETITIONER TO THE RIGHT OF EFFECTIVE ASSITANCE OF COUNSEL. UNDIVIDED LOYALTY STATE BAR RULE ART. 10 39 RULE 1.06



CASE NO. CR14024　　COUNT All
INCIDENT NO./TRN: 9066743883 - A001

| THE STATE OF TEXAS | § | IN THE 266TH DISTRICT |
|---|---|---|
| | § | |
| V. | § | COURT |
| | § | |
| EDDIE RAY ROUTH | § | ERATH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX08977806 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | | |
|---|---|---|---|---|
| Judge Presiding: | HON. JASON CASHON | Date Judgment Entered: | 2/24/2015 | |
| Attorney for State: | M. ALAN NASH AND JANE STARNES | Attorney for Defendant: | J. WARREN ST. JOHN, TIM MOORE, R. SHAY ISHAM | |

Offense for which Defendant Convicted:

**CAPITAL MURDER**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **19.03(a)(7)(A),(b) Penal Code** |

| Date of Offense: | |
|---|---|
| **2/2/2013** | |
| Degree of Offense: | Plea to Offense: |
| **CAPITAL FELONY** | **NOT GUILTY** |
| Verdict of Jury: | Findings on Deadly Weapon: |
| **GUILTY** | **NO** |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **COURT** | **2/24/2015** | **2/24/2015** |

| Punishment and Place of Confinement: | **Life without Parole  INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 304.00 | $ 116,250.00 | ☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | |
|---|---|---|---|---|---|---|
| | From 2/2/2013 to 2/24/2015 | From | to | From | to | |
| Time Credited: | From | to | From | to | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS　　NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Erath County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

61A



Office of
Attorney Appointments

Barbara Murphy: (817) 884-2369
Gwyn Peugh: (817) 884-2370
Marlene Martinez: (817) 884-2305

Tim Curry Justice Center
401 West Belknap
Fort Worth, Texas 76196
Fax: (817) 884-2371

Date: 09/22/2014                    Time:  09:39 AM
To:  J Warren St John , Attorney
Office: (817) 336-1436        Fax:  (817) 336-1429
E-Mail:  jwlawyer@aol.com

### You have been appointed to represent the following indigent defendant:

Name:  Turner, Gregary                        CID:  0805233
Home Address:  **APPEAL 7 YEARS TDC**        DOB:  10/16/1958
Phone:  (__) ___-___    Race:  Black        Sex:  Male

The defendant is charged with:

| Offense | Case# | Date of Offense |
|---|---|---|
| AGGRAVATED ASSAULT WITH A DEADLY WEAPON | 1343101APP | 02/16/2012 |
| | | |

The defendant is currently confined at:

Agency:  TARRANT COUNTY SHERIFF'S DEPARTMENT
Contact:   Reception Clerk
Fax:  (817) 884-3040        Office:  (817) 884-3116
Bondsman:

This appointment shall remain in effect until all charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record; and with respect to a defendant not represented by other counsel, before withdrawing as counsel for the defendant after a trial or entry of a plea of guilty: advise the defendant of the defendant's right to file a motion for new trial and a notice of appeal; if the defendant wishes to pursue either or both remedies, assist the defendant in requesting the prompt appointment of replacement counsel; and if replacement counsel is not appointed promptly and the defendant wishes to pursue an appeal, file a timely notice of appeal.

You are required by law to make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which you are appointed and to interview the defendant as soon as practicable thereafter.

If you are appointed on an appeal case, contact the District Clerk for a copy of the Judgment & Sentence and Docket Sheet. Email dclerk@tarrantcounty.com and enter "Appt. Appl. Atty" in the subject line of the email

Cc:  TARRANT COUNTY SHERIFF'S DEPARTMENT

13

*A*
*OFFENSE NO.*
*2-85664*
*CASE*
*1271725-D*

*PENAL CODE*                                               *#1*
                                                      *CT 7/3*



Office of
Attorney Appointments

Barbara Murphy: (817) 884-2369
Gwyn Peugh: (817) 884-2370
Marlene Martinez: (817) 884-2305

Tim Curry Justice Center
401 West Belknap
Fort Worth, Texas 76196
Fax: (817) 884-2371

Date: 02/24/2012                        Time:  10:11 AM
  To:  Tim Moore , Attorney
Office:  (817) 332-3822                  Fax:  (817) 332-2763

E-Ma

You have been appointed to represent the following indigent defendant:

Name:  Turner, Gregary
Home Address:  5973 Saddle Flap
               Ft Worth, Tx 76179
Phone:  (___) ___-___          Race:  Black

CID:  0805233
DOB:  10/16/1958

Sex:  Male

The defendant is charged with:

| ense | Case# | Date of Offense |
|---|---|---|
| ...1 ASSAULT FAMILY MEMBER/DATE HOUSEHOLD W/WEAPON     (AFTER 9/1/05) | 1271725 | 02/16/2012 |

The defendant is currently confined at:

Agency:  TARRANT COUNTY SHERIFF'S DEPARTMENT
Contact:  Reception Clerk
   Fax:  (817) 884-3040               Office:  (817) 884-3116
Bondsman

    This appointment shall remain in effect until all charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record; and with respect to a defendant not represented by other counsel, before withdrawing as counsel for the defendant after a trial or entry of a plea of guilty: advise the defendant of the defendant's right to file a motion for new trial and a notice of appeal; if the defendant wishes to pursue either or both remedies, assist the defendant in requesting the prompt appointment of replacement counsel; and if replacement counsel is not appointed promptly and the defendant wishes to pursue an appeal, file a timely notice of appeal.
    You are required by law to make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which you are appointed and to interview the defendant as soon as practicable thereafter.

If you are appointed on an appeal case, contact the District Clerk for a copy of the Judgment & Sentence and Docket Sheet. Email dclerk@tarrantcounty.com and enter "Appt. Appl. Atty" in the subject line of the email

Cc:  TARRANT COUNTY SHERIFF'S DEPARTMENT

*RESPONSE*          *EXPENSE SINCE WY*
                      *14*

# INDEX OF AUTHORITES
## CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL

ALCORTA V. TEX. 355 U.S. 28: 78 S. CT. 103: 21 Ed 2d 9: 1957 (U.S. LEXIS 188)

BASTON V. KENTUCKY 476 U.S. 79: 106 S. CT. 1712: 90 L. Ed 69: 1986 U.S. LEXIS 150)

BOUNDS V. SMITH 430 U.S. 817: 97 S. CT. 1491 52 L. Ed 2d 72: 1977 U.S. LEXIS 79)

BRADY V. MARYLAND 373 U.S. 83: 83 S. CT. 1194: 10 L. Ed 2d 215 1963 U.S. LEX. S 1615)

BROOKS V. TENNESSEE 406 U.S. 605: 92 S. CT. 1891: 32 L. Ed 2d 358: 1972 (U.S. LEX. S 48)

CANNON V. STATE 252 S.W. 3d 342 2008 TEX. CR. APP. LEXIS 4)

CHRISTOPHER WARDLOW V. STATE 6 S.W. 3d 786: 1999 TEX. APP. LEXIS 8885)

ELLIS V. STATE 811 S.W. 2d 99: 1991 TEX. CR. APP. LEX. S 87)

EPHRAM V. STATE 471 S.W. 2d 798: 1971 TEX. CR. APP. LEXIS 1615)

ESTELLE 498 F. SUPP. 793: 1980 U.S. DIST. LEX. S 15748)

EX PARTE DANNY ORONA YBARRA 629 S.W. 2d 943: 1982 TEX. CR. APP. LEXIS 931)

HERNANDEZ V. BETO 443 F. 2d 634: 1971 U.S. APP. LEXIS 10706)

HERRING V. NEW YORK 422 U.S. 853: 95 S. CT. 2550: 45 L. Ed 2d 593 1975 (U.S. LEX. S 84)

LONG V. STATE 10 S.W. 3d 389, 398-399 (TEX. APP. TEXARKANA 2000 PET. REF'D

LUTON V. TEXAS 303 F. 2d 899: 1962 U.S. APP. LEXIS 4786)

NICHOL V. STATE 378 S.W. 2d 335, 337-38 (TEX. CR. APP 1964)

OWEN V. STATE 916 S.W. 2d 713: 1996 TEX. APP. LEXIS 723)

POINTER V. TEXAS 380 U.S. 400: 85 S. CT. 1065: 13 L. Ed 2d 923: 1965 U.S. LEXIS 1481)

RAMIREZ V. STATE 987 S.W. 2d 938: 1999 TEX. APP. LEXIS 1590)

RICHARD MILES V. STATE 644 S.W. 2d 23: 1982 TEX. APP. LEXIS 5401)

ROBERT EARL LINSCOMB V. STATE 829 S.W. 2d 164: 1992 TEX. CR. APP. LEXIS 46)

ROCK V. ARKANSAS 483 U.S. 44: 107 S. CT. 2704: 97 L. Ed 2d 37: 1987 U.S. LEXIS 2732)

ROY ALLEN YOUNG V. STATE 530 S.W. 2d 120: 1975 TEX. CR. APP. LEXIS 1182)

SMITH V. STATE 894 S.W. 2d 876: 1995 TEX. APP. LEXIS 551)

SMITH V. SPISAK 558 U.S. 139: 130 S. CT. 676: 175 L. Ed 2d 595: 2010 U.S. LEXIS 530)

TORRES V. STATE 71 S.W. 3d 758 2002 TEX. CR. APP. LEXIS 69)

U.S. V. BURTS 470 F. 2d 432: 152 U.S. APP. D.C. 284: 1972 U.S. LEXIS 7117)

U.S. V. DECOSTER 624 F. 2d 196: 199 U.S. APP. D.C. 359: 1976 U.S. APP. LEXIS 6628)

WALTERS V. STATE 206 S.W. 3d 780: 2006 TEX. APP. LEXIS 9555)

WILLIAMS V. PRICE 25 F. SUPP. 2d 623: 1988 U.S. DIST. LEXIS 23820)

# CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL

PRIOR TO THE PETITIONERS TRIAL ATTORNEY TIM MOORE VISITED THE PETITIONER ON OR ABOUT APRIL 20TH OR 21TH AND MADE STATES ONLY OFFER OF TWO (2) YEARS STATE JAIL OR TWO YEARS PROBATION THE PETITIONER REFUSED BOTH. AT THAT TIME ATTORNEY TIM MOORE SAID WHAT IF I TELL YOU THAT THE D.A. HAS SPOKEN WITH THE PLAINTIFF IN CA. THE PETITIONER REPLY WAS THE BITCH IS LYING. NOW I REMIND THE COURT THAT THE PETITIONER HAD NEVER MET WITH OR EVER SEEN THE D.A. I WAS SPEAKING WITH MY ATTORNEY TIM MOORE WANTED PETITIONER TO SIGN PAPERS SAYING THAT I REFUSED OFFER I REFUSED AND TOLD HIM I DO NOT TRUST HIM. ON OR ABOUT APRIL 22ND I WAS TAKEN TO COURT BEFORE THE HONORABLE JUDGE LOUIS STURNS PETITIONER WAS SWORN IN AND ATTORNEY TIM MOORE ASKED QUESTIONS ABOUT MEETING STANDING WITH D.A. KASEY RICHIE AND ASKED PETITIONER ABOUT OFFER WHEN ASKED ABOUT TWO YEARS STATE JAIL I TOLD THE COURT THAT THE PETITIONER REFUSED OFFER WHEN ASKED ABOUT OFFER OF TWO YEARS PROBATION I TOLD THE COURT I REFUSED OFFER. WHEN ASKED ABOUT WHAT WAS THE PETITIONERS RESPONSE TO THE D.A. SPEAKING WITH THE PLAINTIFF IN CA. THE PETITIONER RESPONSE WAS I SAID SHE WAS LYING. ATTORNEY TIM MOORE AT THAT TIME IN THE COURT ROOM WITH THE JUDGE LOUIS STURNS AND D.A. KASEY RICHIE TOLD THE PETITIONER THAT I WAS LYING THATS NOT WHAT YOU SAID YOU SAID (AND I QUOTE)("YOU SAID THE BITCH WAS LYING") VIOLATING ATTORNEY/CLIENT PRIVLEDGE (PLEASE SEE WILLIAMS V. PRICE 25 F. SUPP. 2d 623; 1998 U.S. DIST LEXIS 23820) THE PETITIONER TRIED TO FILE MOTION FOR REMOVAL OF TIM MOORE AS PETITIONER ATTORNEY AT LAW PETITIONER MAILED MOTION ON APRIL 24TH 2013. PETITIONER DID NOT SEE TIM MOORE AGAIN UNTIL VOIR DIRE ONE HUNDRED AND FIFTY-TWO DAYS FROM APRIL 22ND TO SEPT 30TH 2013. I RECIEVED A VISIT FROM ATTORNEY JOETTA KEENE ON AUG 9TH 2013 SHE TOLD ME THAT JUDGE STURNS HAD SENT HER AND TO NOT WORRY ABOUT TIM MOORE. I CONSTANTLY WROTE THE JUDGE SOME TWENTY (20) TO TWENTY-FIVE (25) TIMES TELLING HIM THAT THE PETITIONER WAS BEEHING KEPT BLIND AND HAD BEEN PLACED IN SEG WITH OUT ANY ACCESS TO LAW LIBRARY TO DO ANY LEGAL RESEARCH VIOLATING THE PETITIONER XIV AMEND (PLEASE SEE BOUNDS V. SMITH 430 U.S. 817; 97 S. CT. 1491 52 L.Ed 2d 72; 1977 U.S. LEXIS 79) THE PETITIONER WAS PROMISED DISCOVERY BY ATTORNEY JOETTA KEENE DURING VISIT AUG 9TH 2013 I RECIEVED ONE MORE

## CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL:

VISIT FROM ATTORNEY JOETTA KEENE WHO ONLY BRUNG PICTURE OF PLAINTIFF AND ASKED THE PETITIONER WHAT WOULD I DO IF THE STATE HAD WITNESS TO TESTIFY AT TRIAL. WHEN PETITIONER REQUEST DISCOVERY ATTORNEY RESPONSE WAS ALL WILL BE EVEN ON DAY OF TRIAL THIS WAS ON SEPT 9TH 2013 ON DAY OF TRIAL THE PETITIONER WAS TAKEN FROM IOU EVAN IN IRONS TO COURT ON SEPT 30TH IN JAIL HOUSE CLOTHING (PLEASE SEE HERNANDEZ V. BETO 443 F. 2d 634: 1971 U.S. APP. LEXIS 10706)(EPHRIAM V. STATE 471 S.W. 2d 798: 1971 TEX. CRIM. APP. LEXIS 1615) PETITIONER COURT APPOINTED ATTORNEY DID NOT MET WITH OR PREPARE PETITIONER FOR TRIAL (PLEASE SEE ESTELLE 498 F. SUPP. 793: 1980 U.S. DIST. LEXIS 15748) (EX PARTE DANNY ORONA YBARRA 629 S.W. 2d 943: 1982 TEX. CRIM. APP. LEXIS 931) (LUTON V. TEXAS 303 F. 2d 899: 1962 U.S. APP. LEXIS 4786) DURING VOIR-DIRE PETITIONERS COURT APPOINTED COUNSEL JOETTA KEENE SHOWED PICTURE ON PROJECTOR OF SADDAM HUSSIEN QUESTIONING VOIR-DIRE IF THEY KNEW IT WAS (PLEASE SEE STRICKLAND 466 U.S. AT 687-88) PETITIONER ATTORNEYS ALLOWED ALL MEMBERS OF PETITIONERS RAZE TO BE STRUCK FROM VOIR-DIRE WITH OUT A REQUEST FOR A BATSON HEARING AND NO OBJECTION FROM DEFENSE ATTORNEYS IN VIOLATION OF THE EQUAL PROTECTION GUARANTEE OF THE FOURTEENTH XIV AND SIXTH VI AMEND. OF THE U.S. CONSTITUTION AND TEXAS C.C.P. ANN. ART. 35. 261 (WEST 1989) PLEASE SEE BATSON V. KENTUCKY 476 U.S. 79: 106 S. CT. 1712: 90 L. Ed. 2d 69: 1986 U.S. LEXIS 150: 54 U.S.L.W. 4425)(SEE CHRISTOPHER WARDLOW V. STATE 6 S.W. 3d 786: 1999 TEX. APP LEXIS 8685)(PLEASE SEE ROBERT EARL LINSCOMB V. STATE 829 S.W. 2d 164: 1992 TEX. CRIM. APP. LEXIS 46) THE D.A. MOSEY FICKIE WHILE QUESTIONING THE PETITIONER WITH A ALL WHITE JURY ASK THE PETITIONER "YOU DO NOT LIKE RED NECKS" AND "YOU DO NOT LIKE THE SOUTH" (PLEASE SEE LONG V. STATE 10 S.W. 3d 389, 390-399 (TEX. APP-TEXARKANA 2000 PET REF'd)(NICHOLS V. STATE 378 S.W. 2d 335, 337-38 (TEX. CR. APP 1964) THE PETITIONER IS A AFRICAN AMERICAN.) DEFENSE COUNSEL FAILED TO INTERVIEW POTENTIAL WITNESS (PLEASE SEE SMITH V. STATE 894 S.W. 2d 876: 1995 TEX. APP LEXIS 331) (U.S. V. DECOSTER 624 F. 2d 196: 199 U.S. APP. D.C. 359: 1976 U.S. APP LEXIS 6628)

# CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL

DEFENSE COUNSEL DID NOT CROSS EXAMINE STATE WITNESS IN VIOLATION OF VI AND XIV AMENDMENT OF THE U.S. CONSTITUTION AND ART. I SECTION 10 OF THE TEXAS CONSTITUTION ART. 1.05 OF THE TEXAS CRIMINAL PROCEDURE DENIEING THE PETITIONER THE RIGHT OF CONFRONTATION GUARANTEED BY U.S. CONSTITUTION(PLEASE SEE CANNON V. STATE 252 S.W. 3d 342 2008 TEX. CR. APP. LEXIS 4)(POINTER V. TEXAS 380 U.S. 400; 85 S. CT. 1065; 13 L.Ed 2d 923; 1965 U.S. LEXIS 1481) NOT ONLY DID COURT APPOINTED NOT CROSS EXAMINE STATE WITNESS, DEFENSE COUNSEL PUT PETITIONER ON STAND BEFORE THE STATE CLOSED ALLOWING WITNESS TO TAKE STAND TO TESTIFY AGAINST THE PETITIONER AND NOT ALLOWING PETITIONER BACK ON STAND TO DEFEND AGAINST CHARGES BEING MADE(PLEASE SEE BROOKS V. TENNESSEE 406 U.S. 605; 92 S. CT. 1891; 32 L.Ed 2d 358; 1972 U.S. LEXIS 48) SEE ROCK V. ARKANSAS 483 U.S. 44; 107 S. CT. 2704; 97 L.Ed 2d 37; 1987 U.S. LEXIS 2732; 55 U.S.L.W. 4925; 22) THE PETITIONER DID NOT WANT TO TAKE STAND UNTIL HE HEARD ALL STATE WITNESS. THE PETITIONER COURT APPOINTED ATTORNEYS VIOLATED THE PETITIONERS RIGHT TO A FAIR PUBLIC TRIAL AMEND VI THE COURT ALLOWED ALLOWED EVIDENCE FAVORABLE TO THE DEFENSE TO BE SUPPRESSED. SUPPRESSION OF EVIDENCE FAVORABLE TO THE DEFENSE UPON REQUEST IS A VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONST XIV AMEND(PLEASE SEE BRADY V. MARYLAND 373 U.S. 83; 83 S. CT. 1194; 10 L.Ed 2d 215; 1963 U.S. LEXIS 1615). IN THIS CASE THE PLAINTIFF AND WITNESS BOTH PETITIONER CHILDREN WHOM PETITIONER HAD EXPERIENCED DISCIPLINARY PROBLEMS THE DAUGHTER ASHLEY ROBERTSON WHO DROPED OUT OF HIGH SCHOOL DUE TO HAVING CHILD AND CONCEIVING ANOTHER AS A TEENAGER BEFORE LEAVING PARENTS HOME. AND THE PLAINTIFF GAVE STATEMENT THAT HE WAS GOING TO MOP FLOOR WITH PETITIONER OLD GRAY ASS! THE PLAINTIFF WHO HAD BEEN EXPELLED FROM SCHOOL IN FRESNO CA. GREENVILLE ILL. AND COLLINWOOD N. J. HAD BEEN IN A YOUTH CORRECTIONAL FACILITY AS A YOUTH AND HAS BEEN TO PRISON TWICE (2) AS A ADULT ONCE FOR CARRYING A GUN.(PLEASE SEE WALTERS V. STATE 206 S.W. 3d 780; 2006 TEX. APP. LEXIS 9555)(ELLIS V. STATE 811 S.W. 2d 99; 1991 TEX. CRIM. APP. LEXIS 87)

# CUMULATIVE ERRORS THAT DEPRIVED THE PETITIONER OF A FAIR TRIAL

THE PLAINTIFF WAS FIRST AGGRESSOR (PLEASE SEE TORRES V. STATE 71 S.W. 3d 758. 2002 TEX. CRIM APP LEXIS 69) THE PLAINTIFF PROVOKED THE DIFFICULTY (PLEASE SEE ROY ALLEN YOUNG V. STATE 530 S.W. 2d 120. 1975 TEX. CR. APP LEXIS 1182) THE PETITIONER WAS IN FEAR FOR HIS LIFE (PLEASE SEE TEX. P.C. 9.32 DEFENSE OF PERSON)(TEX. P.C. 6.03) (CASTLE LAW DEFENSE OF HABITATION LAW) IN THIS CASE THE PETITIONER HAS ADMITTED TO THE SHOOTING AND HIS ONLY DEFENSE IS SELF DEFENSE. BARRING THE ADMISSION OF EVIDENSE OF THE PLAINTIFFS CRIMINAL PAST WAS HIGHLY PREJUDICIAL TO THE PETITIONER AND CAUSE FOR REVERSAL (PLEASE SEE U.S. V. BURKS 470 F. 2d 432. 152 U.S. APP. D.C. 284. 1972 U.S. LEXIS 7117)(ALCORTA V. TEX. 355 U.S. 28. 78 S. CT. 103. 2L ED. 2d 9. 1957 U.S. LEXIS 188) THE PETITIONER WAS INJURED DURING ALTERCATION WITH THE PLAINTIFF AND NEEDED HERNIA SURGERY DUE TO STRAIN FROM STRUGGLE WITH PLAINTIFF HALF THE PETITIONER AGE.

DEFENSE COUNSEL FAILED TO OBJECT TO PRESERVE ERRORS AND MISCONDUCT OF DISTRICT ATTORNEY.

THE DEFENSE COUNSEL FAILED TO OBJECT TO RACIAL SLURS MADE BY D.A. SAYING THAT PETITIONER DID NOT LIKE "RED NECKS" AND THAT "PETITIONER DID NOT LIKE THE SOUTH" (PLEASE SEE OWENS V. STATE 916 S.W. 2d 713. 1996 TEX. APP LEXIS 723)(RAMIREZ V. STATE 987 S.W. 2d 938. 1999 TEX. APP LEXIS 1590)

DEFENSE COUNSEL FAILED TO VISIT DURING REZESS OVER NIGHT (PLEASE SEE HERRING V. NEW YORK 422 U.S. 853. 95 S.CT. 2550. 45 L. Ed 2d 593 1975 U.S. LEXIS 84)

DEFENSE COUNSEL DID NOT MAKE ANY ARGUMENT AT PUNISHMENT STAGE (PLEASE SEE RICHARD MILES V. STATE 644 S.W. 2d 23. 1982 TEX. APP LEXIS 540) SMITH V. SPISAK 558 U.S. 139. 130 S. CT. 676. 175 L. Ed 2d 595. 2010 U.S. LEXIS 530. 78 U.S. L. W. 4031. 22)

19

## PRAYER

WHEREFORE, PREMISES CONSIDERED MR. TURNER PRAYS THAT THIS COURT REVERSE AND REMAND THIS CASE FOR A NEW FAIR TRIAL, AND FOR ANY OTHER RELIEF THIS COURT DEEMS FAIR AND JUST.

*Gregary A. Turner*

RESPECTFULLY SUBMITTED

GREGARY A. TURNER

0805233

100 N. LAMAR ST.

FT. WORTH

TX. 76196

## Verification of Unsworn Declaration

I, *GREGARY A. TURNER*, Defendant pro se in this cause, state the following under penalty of perjury: I am a prisoner, #*C805233*___, currently incarcerated in the Tarrant County Jail in Tarrant County, Texas. I am duly qualified and authorized in all respects to make this declaration. I have read the foregoing Declaration of Conflict and declare that I have personal knowledge of the facts contained therein and said facts are true and correct.

EXECUTED in Tarrant County, Texas, pursuant to Art. 132.001 et. seq., Texas C.P.R.C. and 28 USC §1746, on this *30TH* day of *NOV*___, 20*15*.

*[signature]*
*[Defendant's Name]*, Defendant Pro Se
CID #*0805233*__ DOB*10/16/58*
100 N. Lamar St. - ___
Fort Worth, TX 76102-1954

*Under both federal law (28 USC §1746) and state law (Art. 132.001, Texas C.P.R.C.), inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration sworn before a notary public.

## Certificate of Service

I, *G.A.T.*___, hereby certify that a true and correct copy of the above motion was served on Attorney for the State Tim Curry by mailing via first-class mail to JOE SHANNON, DISTRICT ATTORNEY, 401 W. BELKNAP ST., FORT WORTH, TX 76196 on this *30TH* day of *NOV*___, 20*15*.

*[signature]*
*[Defendant's Name]*, Defendant Pro Se
CID #*0805233*__ DOB*10/16/58*
100 N. Lamar St. - ___
Fort Worth, TX 76102-1954

GARY A. TURNER

PO 52 33

O N. LAMAR ST.

WOBTH

EXAS

1096

20F6

# LEGAL MAIL

COURT OF CRIMINAL APPEALS

P.O. BOX 12308

AUSTIN TEXAS

78711

NO. 02-13-00481-CR

Two copies



UNITED STATES POSTAGE

$02.520

PINEY BOWES

02 1R
0000 2005965    DEC 02 2015
MAILED FROM ZIP CODE 76196